## COLLEGES AND UNIVERSITIES


### COMMUNITY COLLEGES – AVAILABILITY OF IN-COUNTY TUITION RATES FOR NONCREDIT COURSES


June 20, 1995


*Dr. Patricia S. Florestano*
*Secretary of Higher Education*
*Maryland Higher Education Commission*

On behalf of Wor-Wic Community College, former Secretary Aery asked for an interpretation of legislation that allows Somerset County students to pay in-county rates when they attend community colleges in adjoining counties. Specifically, Dr. Aery asked whether this benefit is available to students who take noncredit courses, or whether it is available only to students who take credit courses.

For the reasons set forth below, we conclude that the in-county rates are available to Somerset County students taking any approved course at Wor-Wic, whether the course is for credit or not.


### I

### Background

Community college operating budgets in Maryland are financed by a complex formula of State and county (or regional) shares. *See* §16-403 of the Education ("ED") Article, Maryland Code. In general, county residents pay the lowest tuition rate to attend a community college in that county; out-of-county students pay an additional amount, related to the county's share of operating expenses; and out-of-state students pay an extra amount, related to both the county and State shares of operating expenses. ED §16-407(a) and (b).

For students in certain counties with no community colleges, "the student may enroll at a community college or branch campus in the State, either of which is located in a county adjacent to the one

in which the student resides, and pay only the tuition and fees applicable to a county resident that supports the community college." ED §16-407(e)(1). For such students, the State pays "50% of any applicable out-of-county fee provided that the county in which the student resides pays 50 percent of that fee." ED §16-407(e)(2)(ii). Somerset County students attending Wor-Wic Community College fall within the terms of this provision.

## II

### Analysis

The statute refers only to "students," without any qualification related to the type of course in which the student may be enrolled. In its commonplace meaning, the term "student" means "a person engaged in study: ... one enrolled in a class or course in a school, college or university ...." *State ex rel. Hering v. State Public Service Comm'n*, 549 S.W.2d 658, 660 (Mo. App. 1977). *Cf.* 34 C.F.R. §99.3 (for purposes of the Buckley Amendment, "student" means "any individual who is or has been in attendance at an educational agency or institution and regarding whom the educational agency or institution maintains educational records"). In this sense, someone taking an approved noncredit course at a community college is surely a "student" at that college.

This straightforward reading of the statutory text is supported by the details of the community college funding mechanism. One of the elements of the funding formula is an amount "per full-time equivalent student." ED §16-403(b). A "full-time equivalent student" is an artifact of an arithmetical calculation involving "student credit hours." ED §16-403(a)(6). "Student credit hours," in turn, means "student credit hours *or contact hours* which are eligible, under regulations issued by the Maryland Higher Education Commission, for inclusion in State funding calculations." ED §16-403(a)(10).

The inclusion of "contact hours" in addition to "credit hours" evidences the General Assembly's objective of including students who take noncredit courses in the funding formula, and that is what the regulations provide. One regulation, COMAR 13C.01.01.08A, states the general rule that "all policies of the [Commission] shall be equally applicable to credit programs and continuing education

courses."    Another,   COMAR   13C.01.01.08B(2),  provides   that "[c]ontinuing education courses shall be approved for State funding based upon a review by the State Board for Community Colleges of course titles, descriptions, and objectives."   Although the State Board for Community Colleges was abolished by statute effective July 1, 1992, the Commission, as the successor agency, continues to follow the policies reflected in these regulations, which have not been repealed.   Hence, as a matter of consistent administrative practice, community colleges obtain funding, as part of the basic formula in ED §16-403, for students enrolled in approved noncredit courses.

Although the basic community college funding formula in ED §16-403 is not directly controlling with respect to the interpretation of ED §16-407, the policy evident in the former provision is instructive.  If the State generally provides funding for approved noncredit courses, and it does, and if the purpose of ED §16-407(e) is to provide access to education to students in certain counties with no community colleges, and it is, we see no reason why these students should not have equal access to all courses that are counted for funding purposes – particularly when the statutory provision at issue does not itself distinguish between credit and noncredit courses.

## III

### Conclusion

In summary, it is our opinion that ED §16-407(e) applies to both credit and noncredit courses.

J. Joseph Curran, Jr.
*Attorney General*

William F. Howard
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel,*
 *Opinions and Advice*